I, ARMSTRONG, Judge.
This appeal involves a dispute as to uninsured motorist (UM) insurance coverage. The plaintiffs claim against the UM carrier was dismissed upon an exception of res judi-cata and a motion for summary judgment. We find that res judicata is not applicable in this case and that genuine issues of material fact preclude summary judgment. Accordingly, we reverse and remand for further proceedings.
Plaintiff Clayton Kerth was driving a car owned by a friend when he was struck from behind by two other ears. In his original petition, owners, and liability insurers of the two cars which struck him. In his original petition, he did not sue any UM carrier. However, his counsel apparently contacted defendant-appellee Allstate as a UM carrier.
Allstate, which was not then a party to this action, filed a motion for summary judgment, seeking dismissal of claims against it, on the ground that Allstate did not have in effect a policy of insurance for Clayton Kerth at the time of the accident. That Allstate motion was set for hearing, there was no appearance 12for Clayton Kerth, and a January 7, 1994 judgment was entered which purported to dismiss claims by Clayton Kerth against Allstate.
Several months later, Clayton Kerth filed a supplemental and amending petition by which, for the first time, he named Allstate as a defendant. In that supplemental and amending petition he alleged that Allstate had in effect at the time of the accident an insurance policy for his mother, Katherine Kerth, which included UM coverage. He also alleged that, at the time of the accident, he was living with his mother and was a member of her household. He alleged that, because he was a member of her household, and because he was driving a car owned by someone else, he had UM coverage under his mother’s Allstate policy.
Allstate responded to the supplemental and amending petition with an exception of res judicata and “renewed” motion for summary judgment. The exception of res judica-ta was based upon the January 7, 1994 judgment. The renewed motion for summary judgment was based upon an affidavit of Allstate stating that Allstate did not have in effect a policy of insurance for Clayton Kerth at the time of the accident.
The trial court, in its Reasons for Judgment, held that res judicata was not applicable because there were not two successive lawsuits involved but held that, nevertheless, the January 7, 1994 judgment was a “procedural bar” to the supplemental and amending petition’s claim against Allstate. The trial court’s Reasons for Judgment do not address the merits of Allstate’s renewed motion for summary judgment. In any case, the trial *429 court dismissed the supplemental and amending petition’s claim against Allstate.
There are two issues on appeal. First, did the January 7, 1994 judgment act as res judicata or otherwise bar a claim by Clayton Kerth against Allstate? ^Second, were there genuine issues of material fact that precluded granting Allstate’s renewed motion for summary judgment?
We do not believe that the January 7, 1994 judgment could have res judicata effect or could otherwise bar the claim against Allstate made in Clayton Kerth’s supplemental and amending petition. When Allstate filed the motion for summary judgment that resulted in the January 7, 1994 judgment, Allstate was not party to this action. One who is not a party to an action cannot properly file a motion for summary judgment in that action. Also, the January 7, 1994 judgment purported to dismiss claims against Allstate when there were no claims against Allstate in this action. It appears obvious that the January 7, 1994 judgment purporting to dismiss claims against Allstate is void and of no effect because, as of January 7,1994, Allstate had never been sued in this action. If Allstate had wished to participate in motion practice and other proceedings in this action, prior to being made a defendant by the supplemental and amending petition, then Allstate should have moved to intervene, La. Code Civ.Proc. art. 1091, but Allstate never did so. In any event, the January 7, 1994 judgment cannot be res judicata, or a “procedural bar,” or otherwise be a bar to the supplemental and amending petition’s claims against Allstate.
As to Allstate’s renewed motion for summary judgment, it could not be properly granted unless affidavits and/or discovery materials showed that there was no genuine issue of material fact and that Allstate was entitled to judgment as a matter of law. La.Code Civ.Proc. art. 966. We believe that genuine issues of material fact precluded summary judgment being granted upon Allstate’s renewed motion for summary judgment. The whole basis of Allstate’s renewed motion was an Allstate affidavit stating that, at the time of the accident, Allstate did not have Rin effect a policy of insurance for Clayton Kerth. However, that is not the basis of Mr. Kerth’s claim against Allstate as UM carrier. Rather, Mr. Kerth claims that he has UM coverage from Allstate based upon the Allstate policy in effect for his mother, Katherine Kerth, because he was a member of his mother’s household and driving a car owned by another at the time of the accident. Thus, the Allstate renewed motion for summary judgment (including the Allstate affidavit) does not address the basis of Mr. Kerth’s claim. Consequently, issues of material fact as to whether Clayton Kerth had UM coverage under his mother’s Allstate insurance policy precluded summary judgment.
For the foregoing reasons, the judgment of the trial court is reversed and this action is remanded for further proceedings.
REVERSED AND REMANDED.